GREGORY W. KNOPP (SBN 237615)
gknopp@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, California 90067
Telephone:   310-552-6436
Facsimile:   310-229-1001

DONNA M. MEZIAS (SBN 111902)
DOROTHY F. KASLOW (SBN 287112)
LOWELL B. RITTER (SBN 317738)
dmezias@akingump.com
dkaslow@akingump.com
lritter@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   415-765-9500
Facsimile:   415-765-9501

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JARED MANIGLIA, an individual, on behalf of himself and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-4185<br><br>DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453<br><br>[Declarations of Sam Miranda, Gregory W. Knopp and G. Edward Anderson, Certification of Interested Parties, and Civil Cover Sheet filed concurrently]<br><br>(*Santa Clara County Superior Court, Case No. 20-CV-366619*)<br><br>Date Action Filed: May 19, 2020 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.  In support, Home Depot states as follows:

1.     On May 19, 2020, the above referenced action was filed and is currently pending against Home Depot in the Superior Court of California, County of Santa Clara, Case No. 20-CV-366619.  *See* Declaration of Gregory W. Knopp ("Knopp Decl.") ¶ 2 & Ex. A.  According to the Proof of Service of Summons filed on May 29, 2020, the Complaint, Summons, Civil Case Cover Sheet, Civil Lawsuit Notice, Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline, Alternative Dispute Resolution Information Sheet, and Guidelines and Protocols – Complex Civil Litigation Department were served on Home Depot on May 26, 2020.  *Id.* ¶ 3 & Ex. B.  On June 24, 2020, Home Depot filed its Answer to the Complaint.  *Id.* ¶ 4 & Ex. C.  No other process, pleadings, or orders have been filed by or served upon defendant as part of Case No. 20-CV-366619.  *Id.* ¶ 5.  As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant or entered by the court as part of the above action are attached to the Knopp Declaration, filed concurrently in support of this Notice of Removal.

2.     Plaintiff Jared Maniglia ("plaintiff") is a former hourly employee of Home Depot.  He alleges that Home Depot failed to pay minimum and overtime wages, failed to provide required meal and rest periods, failed to provide accurate itemized wage statements, failed to reimburse employees for required expenses, and failed to provide wages when due, and that Home Depot violated California's unfair competition law.  Compl. ¶¶ 42-110.

3. Plaintiff seeks to bring this action on behalf of a class consisting of (1) all individuals who are or previously were employed by Home Depot in a California distribution center and classified as non-exempt warehouse associate employees at any time from May 19, 2016 to a date determined by the Court (the "California Class"); and all members of the California Class employed by Home Depot in a California Distribution Center and classified as non-exempt warehouse associate employees at any time from May 19, 2017 to a date determined by the Court (the "Labor Sub-Class"). Compl. ¶¶ 21, 33.[1]

4. <u>Timeliness</u>. Plaintiff filed his complaint in Santa Clara County Superior Court on May 19, 2020. *See* Knopp Decl. ¶ 2 & Ex. A. According to the Proof of Service of Summons filed on May 29, 2020, the complaint was served on Home Depot on May 26, 2020. *See id.* ¶ 3 & Ex. B. Home Depot's Notice of Removal is therefore timely because it is being filed within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(b).

5. <u>Jurisdiction</u>. This is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds

---

[1] Home Depot denies plaintiff's allegations and disputes that this action is appropriate for class treatment. However, for purposes of estimating the amount in controversy, the allegations of plaintiff's complaint are assumed to be true. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (citations omitted) (emphasis in original).

$5,000,000 (exclusive of costs and interest). *See* 28 U.S.C. § 1332(d)(2), (d)(6), and (d)(11)(B)(i). These criteria are satisfied here.

6. <u>Class Size.</u> Since May 19, 2017, approximately 4,750 individuals have been employed in California distribution centers and classified as non-exempt warehouse associate employees. Declaration of G. Edward Anderson ("Anderson Decl."), filed and served concurrently, ¶ 6.[2] Thus, the putative class includes more than 100 individuals.[3]

7. <u>Diversity of Citizenship.</u> At all relevant times, there has been diversity of citizenship between the parties to the action. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (internal citations omitted). Minimal diversity exists if any class member is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2).

8. The putative class includes citizens of California, including plaintiff. *See* Compl. ¶ 20 (plaintiff resides in Santa Clara County). Throughout his employment with Home Depot, plaintiff maintained a California residential address on file with Home Depot and worked at a retail store in San Jose, California. *See* Declaration of Sam Miranda ("Miranda Decl."), filed concurrently, ¶ 4; Compl. ¶ 20. His employment and residence in California conclusively establish California citizenship. *See Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (residential address provided by employee to employer is prima facie evidence of citizenship);

---

[2] A defendant may make the requisite showing by setting forth facts in the notice of removal or by affidavit. *See Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

[3] Although plaintiff was a retail store employee, he purports to bring his complaint on behalf of California warehouse associates. *See* Compl. ¶ 4, 21, 33. Because "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint," Home Depot addresses the class of warehouse associates as alleged in the complaint. *See Korn*, 536 F. Supp. 2d at 1205. The class of retail store employees would be even larger than that of warehouse associates. Anderson Decl. ¶11. Thus, if plaintiff brought this action on behalf of retail store employees, the amount in controversy for purposes of removal would still be satisfied.

*Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 823, 826-27 (D. Nev. 1988) (plaintiff was a California citizen primarily because of continuous California residence over multiple years).

9. Further, plaintiff seeks to represent a class consisting of thousands of current and former California employees. Compl. ¶¶ 21, 33; *see also* Anderson Decl. ¶ 6. This putative class logically includes other California citizens as well.

10. Home Depot is not a citizen of California. "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…." 28 U.S.C. § 1332(c)(1). Home Depot is not incorporated in California. *See* Miranda Decl. ¶ 2. Home Depot is a Delaware corporation and its headquarters is in Atlanta, Georgia. *See id.*; *Ottaviano v. Home Depot [U.S.A.], Inc.[]*, 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia"). Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Rather, Home Depot's principal place of business is Atlanta, Georgia. *See* Miranda Decl. ¶ 2; *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108.

11. Defendants DOES 1-50 are unidentified. Compl. ¶ 6. Because there is "no information as to who they are or where they live or their relationship to the action[, it is] proper for the district court to disregard them" for the purposes of removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citations omitted).

12. Accordingly, this action involves citizens of different states: plaintiff is a citizen of California (and seeks to represent other California citizens) and Home Depot

is a citizen of Delaware and Georgia. The CAFA minimal diversity requirement is therefore satisfied. *See* 28 U.S.C. § 1332(d)(2).

13. <u>Amount in Controversy</u>. Home Depot avers, for purposes of this Notice only and without conceding liability for the claims alleged by plaintiff or that plaintiff can properly represent the putative class, that plaintiff's claims place more than $5 million in controversy. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in complaint); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered"). As the United States Supreme Court has held, a defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Moreover, the Ninth Circuit has instructed that removal is proper if, based on the allegations of the complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" in some circumstances). In determining whether the amount in controversy is met, the Court considers all requested relief, "including … punitive damages, statutory penalties, and attorneys' fees." *Lake v. Delta Air Lines, Inc.*, No. SACV 10-1775 DOC(Ex), 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011). Under this standard, the amount in controversy is satisfied.[4]

---

[4] Plaintiff alleges that the aggregate claim, including attorneys' fees, is under the $5 million dollar CAFA threshold. Compl. ¶¶ 4, 21, 33. However, "a plaintiff seeking to represent a putative class [cannot] evade federal jurisdiction by stipulating that the

5

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

14.     In his fourth and fifth Causes of Action, plaintiff alleges that Home Depot failed to provide him and the putative class with meal and rest breaks in accordance with California law.  Compl. ¶¶ 87-94.  Plaintiff seeks to recover meal and rest break premiums equivalent to one hour of pay at the regular rate for each shift for which he and putative class members did not receive compliant meal and rest breaks.  Cal. Lab. Code § 226.7(c); Compl., ¶¶ 89, 93, Prayer for Relief ¶ 2(C).  Plaintiff alleges that class members "forfeited meal breaks … in accordance with DEFENDANT's corporate policy and practice."  Compl. ¶ 88; *see also id.* ¶ 18 ("PLAINTIFF therefore forfeited meal and rest breaks … in accordance with DEFENDANT's strict corporate policy and practice.").  Since May 19, 2017, putative class members worked, in the aggregate, at least 293,588 workweeks, and were paid an average hourly rate of $16.39.  Anderson Decl. ¶¶ 6-7.  If the putative class members, on average, claim only one meal break violation and one rest break violation each week in 20 percent of workweeks, these claims place more than $1,900,000 in controversy (293,588 workweeks x 20 percent x $16.39 = $962,381.47 for meal period violations, plus $962,381.47 for rest break violations).

15.     This is a conservative estimate for plaintiff's meal and rest break claims. *See, e.g., Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD-EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (approved defendant's use of a 100 percent violation rate for meal and rest breaks where plaintiff alleged they were "not always provided" lawful meal and rest breaks); *Dawson v. Hitco Carbon Composites, Inc.*, No. CV16-7337 PSG (FFMx), 2016 WL 7235629, at *3-4 (C.D. Cal. Dec. 14, 2016) (approved "conservative" 50 percent violation rate for meal and rest break claims, and citing cases approving 100 percent violation rate); *Oda v. Gucci Am., Inc.,* No. 2:14-cv-

---

amount in controversy [falls] below the jurisdictional minimum." *See Rodriguez*, 728 F.3d at 981; *see also Vasquez v. First Student, Inc.*, No. 2:14-CV-06760-ODW(Ex), 2014 U.S. Dist. LEXIS 168295, at *7 (C.D. Cal. Dec. 3, 2014) ("Plaintiff's cap on the amount in controversy should be disregarded and the Court should apply the preponderance of the evidence standard with respect to the amount in controversy.").

6
DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

7468-SVW (JPRx), 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (approving 50 percent violation rate for meal and rest break claims).

16.  In his seventh Cause of Action, plaintiff seeks waiting time penalties pursuant to California Labor Code section 203 for Home Depot's alleged failure to pay all wages due to putative class members at the end of their employment. *See* Compl. ¶ 106 & Prayer for Relief ¶ 2(G).  Under section 203, former employees who are willfully denied wages due at termination may recover penalties in the amount of their daily rate of pay for a period of up to thirty days. *See* Cal. Lab. Code § 203.  Plaintiff alleges that "[t]he employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of wages, to these employees who missed meal and rest breaks, as required by law" (Compl. ¶ 105) and also that "[t]o the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates labor Code §§ 201 and/or 202, and therefore these individuals are also be [*sic*] entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members."  Compl. ¶ 72; *see also id.* ¶ 86.  Thus, plaintiff "demands up to thirty days of pay as penalty for not paying all wages due at time of termination.…"  *Id.* ¶ 106.  Under plaintiff's theories, all putative class members whose employment ended since May 19, 2017 are entitled to recover waiting time penalties equal to 30 days of wages.[5]  *See, e.g., Korn*, 536 F. Supp. 2d at 1205-06 (plaintiff placed maximum penalty in controversy by alleging putative class members are entitled to penalty "up to" statutory maximum); *Schuyler v. Morton's of Chi., Inc.*, No. CV 10-06762 ODW (JCGx), 2011 WL 280993, at *5 (C.D. Cal. Jan. 25, 2011) (appropriate to assume 100 percent violation rate for full 30 days of waiting time

---

[5] A three-year statute of limitations applies to claims for penalties under section 203. *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395-96 (2010).

penalties where complaint alleges multiple wage violations that were never paid); *Oda*, 2015 WL 93335, at *5-6 (crediting assumption of maximum penalties).

17. Here, approximately 2,571 class members terminated employment with Home Depot since May 19, 2017 (the start of the three-year limitations period), and are therefore potentially eligible to recover section 203 penalties. Anderson Decl. ¶ 8. These individuals earned, on average, daily wages of approximately $120.36. *Id.* Therefore, the amount of waiting time penalties in controversy exceeds $9 million. ($120.36 x 30 x 2,571 = $9,283,366.80).

18. In his sixth Cause of Action, plaintiff alleges that Home Depot violated California Labor Code section 226(a) by failing to provide accurate wage statements, and seeks civil penalties under California Labor Code section 226(e). Compl. ¶ 98 & Prayer for Relief ¶ 2(D). Pursuant to section 226(e), a plaintiff may seek penalties of $50 for the initial pay period in which a violation of section 226(a) allegedly occurred and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee. Cal. Lab. Code § 226(e)(1).

19. Approximately 2,543 putative class members were employed since May 19, 2019 (the start of the one-year limitations period).[6] Anderson Decl. ¶ 9. These employees worked an average of approximately 12 pay periods during this period. *Id.* Assuming that each class member received a non-compliant wage statement in an average of just three pay periods, the potential penalties total $635,750 (($50.00 x 2,543) + ($100 x 2,543 x 2)). This is a conservative estimate. *See Oda*, 2015 WL 93335, at *4 (assuming maximum wage statement penalties for each putative class member); *Molina v. Pacer Cartage, Inc.*, 47 F. Supp. 3d 1061, 1069 (S.D. Cal. Sept. 17, 2014) (same); *Byrd v. Masonite Corp.,* No. EDCV-16-35 JGB (KKx), 2016 U.S. Dist.

---

[6] A one-year statute of limitations applies to claims for section 226(e) penalties. *See Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx), 2012 WL 2373372, at *14 (C.D. Cal. June 22, 2012).

LEXIS 60078, at *23-24 (C.D. Cal. May 5, 2016) (crediting assumed 100 percent violation rate); *Franke v. Anderson Merchandisers LLC*, No. CV-17-3241 DSF (AFMx), 2017 U.S. Dist. LEXIS 119087, *11-12 (C.D. Cal., July 28, 2017) (same).

20. In sum, plaintiff's claims for meal and rest break premiums, waiting time penalties, and penalties for inaccurate wage statements conservatively place over $11 million in controversy. Thus, even by conservative estimates, the $5,000,000 CAFA threshold is met. *See*, *e.g.*, *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM(JMA), 2008 WL 4104475, at *1 (S.D. Cal., Sept. 2, 2008) (amount in controversy satisfied under preponderance of evidence standard where estimated class size multiplied by statutory penalty for alleged violations exceeded $5 million).

21. Plaintiff also alleges in his second and third causes of action that Home Depot failed to pay minimum and overtime wages and in his eighth cause of action that Home Depot failed to reimburse employees for required business expenses. These causes of action place additional amounts in controversy. Home Depot has not attempted in these removal papers to quantify the additional amounts these claims place in controversy because the CAFA threshold is met without considering these claims.

22. Plaintiff also seeks attorney's fees (Compl., Prayer for Relief ¶ 3(C)), which are part of the amount in controversy as well. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation,' and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." (citation omitted)); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Ninth Circuit has established 25 percent of total potential damages as a benchmark award for attorney's fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-cv-00222-JSC, 2014 WL 2199645, at *6, *8 (N.D. Cal. May 27, 2014) (accounting for attorney's fees by

adding 25 percent of potential damages and penalties to amount in controversy); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014) (same); *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2014 WL 3818304, at *4-5 (S.D. Cal. Aug. 4, 2014) (denying motion to remand where defendant showed potential damages of $4.2 million because attorneys' fees of 25 percent brought the total amount in controversy to $5.3 million).  Potential attorneys' fees of 25 percent place at least an additional $2,800,000 in controversy here.

23.     In sum, the allegations in plaintiff's complaint seek penalties and attorneys' fees in excess of $5 million.  The amount in controversy requirement is therefore satisfied.

24.     <u>Venue</u>.  The United States District Court for the Northern District of California is the judicial district "embracing the place" where this action was filed by plaintiff and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

25.     There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

WHEREFORE, Home Depot requests that the above action now pending in the Superior Court of California, County of Santa Clara be removed to this Court.  In the event the Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on the issue.

Respectfully submitted,

Dated:  June 25, 2020            By     */s/ Gregory W. Knopp*
                                           Gregory W. Knopp