E-FILED
5/19/2020 12:30 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366619
Reviewed By: R. Walker

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  Nicholas J. De Blouw (State Bar #280922)
4  2255 Calle Clara
   La Jolla, CA 92037
5  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
7  Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8
**IN AND FOR THE COUNTY OF SANTA CLARA**
9

| | |
|---|---|
| 10  JARED MANIGLIA, an individual, on behalf of himself and on behalf of all 11  persons similarly situated, | Case No. **20CV366619** |
| 12              Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| 13  vs. | 1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| 14  HOME DEPOT U.S.A., INC., a Corporation; and Does 1 through 50, 15  Inclusive, | 2.  FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*; |
| 16              Defendants. | 3.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |

4.  FAILURE TO PROVIDE REQUIRED MEAL
PERIODS IN VIOLATION OF CAL. LAB.
CODE §§ 226.7 & 512 AND THE APPLICABLE
IWC WAGE ORDER;
5.  FAILURE TO PROVIDE REQUIRED REST
PERIODS IN VIOLATION OF CAL. LAB.
CODE §§ 226.7 & 512 AND THE APPLICABLE
IWC WAGE ORDER;
6.  FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN VIOLATION OF
CAL. LAB. CODE § 226;
7.  FAILURE TO REIMBURSE EMPLOYEES
FOR REQUIRED EXPENSES IN VIOLATION
OF CAL. LAB. CODE § 2802; and,
8.  FAILURE TO PROVIDE WAGES WHEN
DUE IN VIOLATION OF CAL. LAB. CODE §§
201, 202 AND 203.

**DEMAND FOR A JURY TRIAL**

1

Plaintiff Jared Mangilia ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

**THE PARTIES**

1.     Defendant Home Depot U.S.A., Inc. ("DEFENDANT") is a Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.     DEFENDANT is a home improvement retailer in the United States supplying tools, construction products and services.

3.     PLAINTIFF was employed by DEFENDANT in California from January of 2019 to October of 2019 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.     PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in a California Distribution Center and classified as non-exempt Warehouse Associate employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees for all their overtime worked. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other

EXHIBIT A, PAGE 3

members of the CALIFORNIA CLASS.   PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

### THE CONDUCT

8.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders,

DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods and would clock out of DEFENDANT's timekeeping system but continue to work at DEFENDANT's direction during what should have been their off-duty meal period. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wages and overtime wage compensation by working without their time being correctly recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

9.     DEFENDANT also required PLAINTIFF and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control. PLAINTIFF and CALIFORNIA CLASS Members would clock out of DEFENDANT's timekeeping system, in order to perform additional work for DEFENDANT as required to meet DEFENDANT's job requirements. Specifically, during the CALIFORNIA CLASS PERIOD, DEFENDANT engaged in the practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clock after clocking out in that DEFENDANT, as a condition of employment, required these employees to wait for and submit to loss prevention inspections after clocking out for meal breaks and at the end of each scheduled shift for which DEFENDANT did not provide compensation for time spent waiting for and submitting to DEFENDANT's loss prevention inspections off the clock. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage, overtime wage compensation, and meal break wages, by working without their time being correctly

EXHIBIT A, PAGE 5

recorded and without compensation at the applicable rates. DEFENDANT's policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

10.     State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

11.     The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in an underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

12.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally

EXHIBIT A, PAGE 6

profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

13.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were from time to time required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees are required by DEFENDANT to work ten (10) hours of work from time to time. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

14.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under

California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back.  Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and required these employees to remain on DEFENDANT's premises under DEFENDANT's control during what should have been their paid, off duty rest periods.

15.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

16.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones to for work related issues.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

EXHIBIT A, PAGE 8

limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

17.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. From time to time, DEFENDANT violated Cal. Lab. Code § 226 by failing to provide wage statements that identified the correct gross and net wages earned.   Aside from the violations listed above, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*.  As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

18.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to him in the form of two components.  One component of PLAINTIFF's compensation was a base hourly wage.   The second component of PLAINTIFF's compensation was non-discretionary incentive wages as described above.  DEFENDANT paid the incentive wages, so long as PLAINTIFF met certain predefined performance requirements.  PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout his employment with DEFENDANT and DEFENDANT paid PLAINTIFF the incentive wages.   During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout his employment with DEFENDANT.   The incentive compensation paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of pay."  PLAINTIFF was also from time to time

1   unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal

2   periods. PLAINTIFF was required to perform work as ordered by DEFENDANT for more than

3   five (5) hours during a shift without receiving an off-duty meal break and/or PLAINTIFF was

4   also from time to time interrupted and performed work for DEFENDANT during what should

5   have been PLAINTIFF's off duty meal and rest periods.  Further, DEFENDANT failed to

6   provide PLAINTIFF with a second off-duty meal period from time to time in which he was

7   required by DEFENDANT to work ten (10) hours of work.  PLAINTIFF therefore forfeited

8   meal and rest breaks without additional compensation and in accordance with DEFENDANT's

9   strict corporate policy and practice.  DEFENDANT also provided PLAINTIFF with a pay stub

10  that failed to comply with all the requirements set forth in Cal. Lab. Code § 226(a).  To date,

11  DEFENDANT has not fully paid PLAINTIFF the wages still owed to him or any waiting time

12  penalties owed to him under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFF

13  individually does not exceed the sum or value of $75,000.

14

15                          **JURISDICTION AND VENUE**

16          19.    This Court has jurisdiction over this Action pursuant to California Code of Civil

17  Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This

18  action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

19  of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

20          20.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

21  Sections 395 and 395.5, because PLAINTIFF worked and resides in this County, and

22  DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities

23  in this County and/or conducts substantial business in this County, and (ii) committed the

24  wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS

25  and CALIFORNIA LABOR SUB-CLASS.

26  ///

27  ///

28

## THE CALIFORNIA CLASS

21.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in a California Distribution Center and classified as non-exempt Warehouse Associate employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

22.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

23.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

24.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate and record minimum wage, and overtime compensation for all time worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.

25.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT.  DEFENDANT, however, failed to have in place during the CALIFORNIA CLASS PERIOD and still failed to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member was paid the applicable overtime rate for all overtime worked, so as to satisfy their burden.  This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

26.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for any member of the CALIFORNIA CLASS properly recalculated so as to compensate the employee for all overtime worked at the applicable rate, as required by California Labor Code §§ 204 and 510, *et seq.*  At no time during the CALIFORNIA CLASS PERIOD was the overtime compensation for any member of the CALIFORNIA CLASS properly recalculated so as to include all earnings in the overtime compensation calculation as required by California Labor Code §§ 510, *et seq.*

27.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

28.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all wages due the CALIFORNIA CLASS for all overtime worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

(b)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS;

(c)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members;

(d)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and deceptively having in place company policies, practices and procedures that denied PLAINTIFF and the members of the CALIFORNIA CLASS the correct minimum wages and otherwise violated applicable law; and,

(e)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

29.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, is subjected to the employment practices of DEFENDANT and is a non-exempt employee paid on an hourly basis who has been subjected to the DEFENDANT's practice and policy described herein. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

30.    In addition to meeting the statutory prerequisites to a Class Action, this action

is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

      (a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

          1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

          2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

      (b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

          1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute

1    unfair competition;

2    (c)    Common questions of law and fact exist as to the members of the

3    CALIFORNIA CLASS, with respect to the practices and violations of

4    California law as listed above, and predominate over any question

5    affecting only individual CALIFORNIA CLASS Members, and a Class

6    Action is superior to other available methods for the fair and efficient

7    adjudication of the controversy, including consideration of:

8    1)    The interests of the members of the CALIFORNIA CLASS in

9    individually controlling the prosecution or defense of separate

10    actions in that the substantial expense of individual actions will be

11    avoided to recover the relatively small amount of economic losses

12    sustained by the individual CALIFORNIA CLASS Members when

13    compared to the substantial expense and burden of individual

14    prosecution of this litigation;

15    2)    Class certification will obviate the need for unduly duplicative

16    litigation that would create the risk of:

17    A.    Inconsistent or varying adjudications with respect to

18    individual members of the CALIFORNIA CLASS, which

19    would establish incompatible standards of conduct for the

20    DEFENDANT; and/or,

21    B.    Adjudications with respect to individual members of the

22    CALIFORNIA CLASS would as a practical matter be

23    dispositive of the interests of the other members not parties

24    to the adjudication or substantially impair or impede their

25    ability to protect their interests;

26    3)    In the context of wage litigation because a substantial number of

27    individual CALIFORNIA CLASS Members will avoid asserting

28

CLASS ACTION COMPLAINT

their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

31. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

16

CLASS ACTION COMPLAINT

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

32.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been intentionally subjected to DEFENDANT's conduct as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

33.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS employed by DEFENDANT in a California Distribution Center and classified as non-exempt Warehouse Associate employees (the "CALIFORNIA LABOR SUB-

17

CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB- CLASS Members is under five million dollars ($5,000,000.00).

34.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate minimum wage and overtime compensation for the all time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT denied these CALIFORNIA LABOR SUB-CLASS Members wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

35.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's conduct as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

36.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

37.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime wages and minimum wages to members of the CALIFORNIA

18

CLASS ACTION COMPLAINT

LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b) Whether the members of the CALIFORNIA LABOR SUB-CLASS were entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c) Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d) Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e) Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f) Whether DEFENDANT engaged in unfair competition by the above-listed conduct;

(g) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h) Whether DEFENDANT's conduct was willful.

38.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a) Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b) Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay the PLAINTIFF and the members of the CALIFORNIA

19

LABOR SUB-CLASS the correct minimum wage for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197, and 1197.1;

(c)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee;

(e)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

39.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, is a non-exempt employee who has been subjected to the DEFENDANT's practice and policy described herein. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

40. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of

separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of

22

CLASS ACTION COMPLAINT

separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of

23

CLASS ACTION COMPLAINT

1    this action pursuant to Cal. Code of Civ. Proc. § 382.

2    41.    This Court should permit this action to be maintained as a Class Action pursuant

3    to Cal. Code of Civ. Proc. § 382 because:

4        (a)    The questions of law and fact common to the CALIFORNIA LABOR

5           SUB-CLASS predominate over any question affecting only individual

6           CALIFORNIA LABOR SUB-CLASS Members;

7        (b)    A Class Action is superior to any other available method for the fair and

8           efficient adjudication of the claims of the members of the CALIFORNIA

9           LABOR SUB-CLASS because in the context of employment litigation a

10          substantial number of individual CALIFORNIA LABOR SUB-CLASS

11          Members will avoid asserting their rights individually out of fear of

12          retaliation or adverse impact on their employment;

13       (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

14          numerous that it is impractical to bring all members of the CALIFORNIA

15          LABOR SUB-CLASS before the Court;

16       (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

17          Members, will not be able to obtain effective and economic legal redress

18          unless the action is maintained as a Class Action;

19       (e)    There is a community of interest in obtaining appropriate legal and

20          equitable relief for the acts of unfair competition, statutory violations and

21          other improprieties, and in obtaining adequate compensation for the

22          damages and injuries which DEFENDANT's actions have inflicted upon

23          the CALIFORNIA LABOR SUB-CLASS;

24       (f)    There is a community of interest in ensuring that the combined assets of

25          DEFENDANT are sufficient to adequately compensate the members of

26          the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

27       (g)    DEFENDANT has acted or refused to act on grounds generally applicable

28

to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## **FIRST CAUSE OF ACTION**
### **For Unlawful Business Practices**
### **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**
### **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

42.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

43.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

44.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court

25

CLASS ACTION COMPLAINT

1

2      may make such orders or judgments, including the appointment of a receiver, as
       may be necessary to prevent the use or employment by any person of any practice
       which constitutes unfair competition, as defined in this chapter, or as may be
3      necessary to restore to any person in interest any money or property, real or
       personal, which may have been acquired by means of such unfair competition.

4      Cal. Bus. & Prof. Code § 17203.

5          45.    By the conduct alleged herein, DEFENDANT has engaged and continues to

6      engage in a business practice which violates California law, including but not limited to, the

7      applicable Wage Order(s), the California Code of Regulations and the California Labor Code

8      including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, and 2802, for which

9      this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code

10     § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

11     competition, including restitution of wages wrongfully withheld.

12         46.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

13     unfair in that these practices violated public policy, are immoral, unethical, oppressive,

14     unscrupulous or substantially injurious to employees, and are without valid justification or

15     utility for which this Court should issue equitable and injunctive relief pursuant to Section

16     17203 of the California Business & Professions Code, including restitution of wages wrongfully

17     withheld.

18         47.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

19     fraudulent in that DEFENDANT's policy and practice failed to pay PLAINTIFF, and other

20     members of the CALIFORNIA CLASS, minimum wages and overtime wages due for all time

21     worked, due to business practices that cannot be justified, pursuant to the applicable Cal. Lab.

22     Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§

23     17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant

24     to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

25         48.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

26     unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

27     other members of the CALIFORNIA CLASS to be underpaid during their employment with

28

CLASS ACTION COMPLAINT

DEFENDANT.

49.     By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

50.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

51.     PLAINTIFF further demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

52.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

53.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

54.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

unfair business practices, including earned but unpaid wages for all overtime worked.

55.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

56.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 204, 510, 1194 and 1198]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

57.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

58.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

59.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

60.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

61.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

62.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work. DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

63.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any

workweek.

64.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acts in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

65.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

66.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

67.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they are entitled to, constituting a failure to pay all earned wages.

68.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they work which is in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are required to work, and do in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's

30

1    business records and witnessed by employees.

2        69.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

3    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

4    CLASS for the true time they work, PLAINTIFF and the other members of the CALIFORNIA

5    LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts

6    which are presently unknown to them and which will be ascertained according to proof at trial.

7        70.    DEFENDANT knew or should have known that PLAINTIFF and the other

8    members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

9    worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

10   to not pay employees for their labor as a matter of company policy, practice and procedure, and

11   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

12   of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

13       71.    In performing the acts and practices herein alleged in violation of California labor

14   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

15   all time worked and provide them with the requisite overtime compensation, DEFENDANT

16   acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

17   the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

18   disregard for their legal rights, or the consequences to them, and with the despicable intent of

19   depriving them of their property and legal rights, and otherwise causing them injury in order

20   to increase company profits at the expense of these employees.

21       72.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

22   therefore request recovery of all unpaid wages, including overtime wages, according to proof,

23   interest, statutory costs, as well as the assessment of any statutory penalties against

24   DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

25   statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the

26   CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

27   DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

28

1  individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

2  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.

3  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.

4  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to

5  seek and recover statutory costs.

6

### THIRD CAUSE OF ACTION

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

12    73.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

13  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

14  paragraphs of this Complaint..

15    74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

16  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

17  California Labor Code and the Industrial Welfare Commission requirements for

18  DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and

19  CALIFORNIA CLASS Members.

20    75.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

21  public policy, an employer must timely pay its employees for all hours worked.

22    76.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by

23  the commission is the minimum wage to be paid to employees, and the payment of a less

24  wage than the minimum so fixed in unlawful.

25    77.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

26  wages, including minimum wage compensation and interest thereon, together with the costs

27  of suit.

28

78.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work, including time spent engaging in work tasks while off the clock. To the extent that these off-the-clock job tasks do not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

79.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

80.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

81.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

82.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's

control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

83.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they work, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

84.    DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked.  DEFENDANT  elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

85.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

86.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest,

34

1    statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

2    in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

3    extent minimum wage compensation is determined to be owed to the CALIFORNIA

4    LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

5    conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

6    be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

7    herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

8    conduct as alleged herein was willful, intentional and not in good faith.  Further,

9    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

10   and recover statutory costs.

11

12                          **FOURTH CAUSE OF ACTION**

13                     **For Failure to Provide Required Meal Periods**

14                          **[Cal. Lab. Code §§ 226.7 & 512 ]**

15      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

16                                    **Defendants)**

17          87.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

18   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

19   paragraphs of this Complaint.

20          88.    During the CALIFORNIA CLASS PERIOD, from time to time,

21   DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF

22   and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable

23   Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and

24   CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from

25   being relieved of all of their duties for the legally required off-duty meal periods.  As a

26   result of their rigorous work schedules and DEFENDANT's loss prevention inspection

27   policy, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from

28

1   time to time not fully relieved of duty by DEFENDANT for their meal periods.

2   Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA

3   LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th)

4   hour of work is evidenced by DEFENDANT's business records from time to time.  As a

5   result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS

6   therefore forfeited meal breaks without additional compensation and in accordance with

7   DEFENDANT's corporate policy and practice.

8       89.     DEFENDANT further violated California Labor Code §§ 226.7 and the

9   applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA

10  LABOR SUB-CLASS Members who were not provided a meal period, in accordance with

11  the applicable Wage Order, one additional hour of compensation at each employee's regular

12  rate of pay for each workday that a meal period was not provided.

13      90.     As a proximate result of the aforementioned violations, PLAINTIFF and

14  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

15  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

16  suit.

17                    **FIFTH CAUSE OF ACTION**

18           **For Failure to Provide Required Rest Periods**

19               **[Cal. Lab. Code §§ 226.7 & 512 ]**

20  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21                         **Defendants)**

22      91.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

23  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

24  paragraphs of this Complaint.

25      92.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were

26  from time to time required to work in excess of four (4) hours without being provided ten

27  (10) minute rest periods.  Further, these employees were denied their first rest periods of at

28

                              36
                    CLASS ACTION COMPLAINT

1   least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and

2   second rest period of at least ten (10) minutes for some shifts worked of between six (6) and

3   eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some

4   shifts worked of ten (10) hours or more.  PLAINTIFF and other CALIFORNIA LABOR

5   SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a

6   result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR

7   SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT

8   and DEFENDANT's managers.

9       93.    DEFENDANT further violated California Labor Code §§ 226.7 and the

10  applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA

11  LABOR SUB-CLASS Members who were not provided a rest period, in accordance with

12  the applicable Wage Order, one additional hour of compensation at each employee's regular

13  rate of pay for each workday that rest period was not provided.

14      94.    As a proximate result of the aforementioned violations, PLAINTIFF and

15  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

16  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

17  suit.

18

19              **SIXTH CAUSE OF ACTION**

20      **For Failure to Provide Accurate Itemized Statements**

21              **[Cal. Lab. Code § 226]**

22  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

23              **Defendants)**

24      95.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

25  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

26  of this Complaint.

27      96.    Cal. Labor Code § 226 provides that an employer must furnish employees with

28

an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

97.    Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. From time to time, DEFENDANT violated Cal. Lab. Code § 226 by failing to provide wage statements that identified the correct gross and net wages earned.  Aside from the violations listed above, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.*  As a result, from time to time DEFENDANT provided PLAINTIFF and

the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

98.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## SEVENTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

99.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

100.    Cal. Lab. Code § 200 provides that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to

39

1    be paid for is performed personally by the person demanding payment.

2       101.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

3    an employee, the wages earned and unpaid at the time of discharge are due and payable

4    immediately."

5       102.   Cal. Lab. Code § 202 provides, in relevant part, that:

6       If an employee not having a written contract for a definite period quits his or her
        employment, his or her wages shall become due and payable not later than 72
7       hours thereafter, unless the employee has given 72 hours previous notice of his
        or her intention to quit, in which case the employee is entitled to his or her wages
8       at the time of quitting. Notwithstanding any other provision of law, an employee
        who quits without providing a 72-hour notice shall be entitled to receive payment
9       by mail if he or she so requests and designates a mailing address. The date of the
        mailing shall constitute the date of payment for purposes of the requirement to
10      provide payment within 72 hours of the notice of quitting.

11      103.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-

12   CLASS Members' employment contract.

13      104.   Cal. Lab. Code § 203 provides:

14      If an employer willfully fails to pay, without abatement or reduction, in
        accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
15      who is discharged or who quits, the wages of the employee shall continue as a
        penalty from the due date thereof at the same rate until paid or until an action
16      therefor is commenced; but the wages shall not continue for more than 30 days.

17      105.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

18   Members has terminated and DEFENDANT has not tendered payment of wages, to these

19   employees who missed meal and rest breaks, as required by law.

20      106.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

21   members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated,

22   PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time

23   of termination for all employees who terminated employment during the CALIFORNIA

24   LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due,

25   plus interest and statutory costs as allowed by law.

26   ///

27   ///

28

**EIGHTH CAUSE OF ACTION**

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

107.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

108.    Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

109.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones all on behalf of and for the benefit of DEFENDANT. Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cell phones to respond to work related issues. DEFENDANT's policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT.    These expenses were necessary to complete their principal job duties. DEFENDANT is estopped   by DEFENDANT's conduct to assert any waiver of this expectation.   Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and

41

CLASS ACTION COMPLAINT

reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

110.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum wages and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the

42

1    applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon
2    at the statutory rate;

3    C)    Meal and rest period compensation pursuant to California Labor Code Section
4    226.7 and the applicable IWC Wage Order;

5    D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period
6    in which a violation occurs and one hundred dollars ($100) per each member of
7    the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay
8    period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and
9    an award of costs for violation of Cal. Lab. Code § 226;

10    E)    For liquidated damages pursuant to California Labor Code Sections 1194.2 and
11    1197;

12    F)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA
13    LABOR SUBCLASS incurred in the course of their job duties, plus interest, and
14    costs of suit; and,

15    G)    The wages of all terminated employees from the CALIFORNIA LABOR
16    SUB-CLASS as a penalty from the due date thereof at the same rate until paid or
17    until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

18    3.    On all claims:

19    A)    An award of interest, including prejudgment interest at the legal rate;

20    B)    Such other and further relief as the Court deems just and equitable; and,

21    C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the
22    law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or
23    §2802.

24    ///
25    ///
26    ///
27    ///
28

43

CLASS ACTION COMPLAINT

1    Dated: May 19, 2020            BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

2

3                                        /s/ *Norman Blumenthal*
                                  By: _____
4                                     Norman B. Blumenthal
                                      Attorneys for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        44
                              CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 45

1

## **DEMAND FOR A JURY TRIAL**

2     PLAINTIFF demands a jury trial on issues triable to a jury.

3

4     Dated: May 19, 2020          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                          /s/ *Norman Blumenthal*
                                  By: _____
7                                        Norman B. Blumenthal
                                         Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* <br> HOME DEPOT U.S.A., INC., a Corporation; and Does 1 through 50, Inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> JARED MANIGLIA, an individual, on behalf of himself and on behalf of all persons similarly situated, | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> E-FILED <br> 5/19/2020 12:30 PM <br> Clerk of Court <br> Superior Court of CA, <br> County of Santa Clara <br> 20CV366619 <br> Reviewed By: R. Walker <br> Envelope: 4352350 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | **20CV366619** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA Downtown
191 North First Street , San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | |
|---|---|
| Norman B. Blumenthal     (Bar # 68687) | Fax No.: (858) 551-1232 |
| Blumenthal Nordrehaug Bhowmik De Blouw LLP, 2255 Calle Clara, La Jolla, CA 92037 | Phone No.: (858) 551-1223 |

| DATE: *(Fecha)* | 5/19/2020 12:30 PM | Clerk of Court | Clerk, by *(Secretario)* | R. Walker | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Norman B. Blumenthal    (Bar # 68687)
Kyle Nordrehaug    (Bar # 205975)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223    FAX NO.: (858) 551-1232
ATTORNEY FOR *(Name)*: Plaintiff Jared Maniglia

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/19/2020 12:30 PM
Reviewed By: R. Walker
Case #20CV366619
Envelope: 4352350**

CASE NAME:
JARED MANIGLIA v. HOME DEPOT U.S.A., INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: **20CV366619** |
|---|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [X] Substantial amount of documentary evidence
    d. [X] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: EIGHT (8)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 19, 2020

Norman B. Blumenthal                                    ▶ /s/ *Norman Blumenthal*
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT A, PAGE 49

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

# 20CV366619

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _____

<div style="border:1px solid;text-align:center;">

## PLEASE READ THIS ENTIRE FORM

</div>

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.*  *You may ask to appear by telephone – see Local Civil Rule 8.*

<div style="border:1px solid;">

Your Case Management Judge is:  **Hon. Patricia M. Lucas**    **Department:** ____3____

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
   **Date:** 09/11/20  **Time:** 10:00 am  in **Department:** ____3____

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
   **Date:** _____  **Time:** _____  in **Department:** _____

</div>

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

<div style="border:1px solid;color:red;text-align:center;">Reset Form</div>

---

EXHIBIT A, PAGE 50

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 5/20/2020 10:49 AM**
**Reviewed By: R. Walker**
**Case #20CV366619**
**Envelope: 4355968**

TO:    FILE COPY

RE:            **Maniglia v. Home Depot U.S.A., Inc.**
CASE NUMBER:    **20CV366619**

### ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
### AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by Plaintiff **JARED MANIGLIA** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **May 19, 2020** and the matter was assigned to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas** presiding.
The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **JARED MANIGLIA**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for **September 11, 2020 at 10:00 a.m. in Department 3** and all counsel are ordered to attend in person.
Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1.  Issues related to recusal or disqualification;
2.  Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

_____
Updated on 3/8/18.

1

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: _____ May 19, 2020 _____

Hon. **Patricia M. Lucas**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

-----
Updated on 3/8/18.

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 5/27/2020 1:44 PM**
**Reviewed By: R. Walker**
**Case #20CV366619**
**Envelope: 4382939**

TO:     FILE COPY

RE:               **Maniglia v. Home Depot U.S.A., Inc.**
CASE NUMBER:     **20CV366619**

**NOTICE OF RESCHEDULED CASE MANAGEMENT CONFERENCE**

The Case Management Conference for the above entitled case has been reset (from September 11, 2020) and you are directed to appear in court on:

| | | |
|---|---|---|
| **Date: September 18, 2020** | **At: 10:00 a.m.** | **In: Department 3** |
| Location: Superior Court, 191 North First Street, San Jose, CA 95113. | | |

A copy of the current Complex Civil Litigation Guidelines may be downloaded from the Court's website.

A single updated <u>Joint</u> Case Management Statement shall be filed by the parties no later than five (5) calendar days prior to the next scheduled Case Management Conference.

For further information, contact the Complex Civil Litigation Department, (408) 882-2286.

Date:  May 27, 2020

_____
Hon. Patricia M. Lucas
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

**Contact:**

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

**Complex Civil Guidelines**

### GUIDELINES AND PROTOCOLS

### COMPLEX CIVIL LITIGATION DEPARTMENT

Welcome to the Complex Civil Litigation Departments of the Superior Court of California, County of Santa Clara. Ours is one of few Superior Courts selected by the California Judicial Council where case management principles designed to reduce the time and expense normally associated with complex civil litigation cases have been employed.

Counsel are expected to be familiar with the applicable *California Rules of Court*, *Local Rules – Superior Court of California, County of Santa Clara*, *The Santa Clara County Bar Association Code of Professionalism*, and the *Deskbook on the Management of Complex Civil Litigation*. Familiarity with these guidelines and protocols will answer common procedural questions and should assist you in your appearances in these Departments. *Note: These Guidelines and Protocols are revised from previous versions. Your thoughts and suggestions are always welcome. Significant practice highlights include:*

*The website for the Complex Departments is now integrated into the Court's site, www.scscourt.org.*

*Tentative rulings on motions of all types are posted online by 2:00 p.m. the day before the hearing, and, unless an objection is properly raised by 4:00 p.m. the day before the hearing, the ruling will automatically become the Court's order the next day. For specific information, go to: http://www.scscourt.org/online_services/tentatives/tentative_rulings.shtml and select the appropriate department.*

*Ex parte hearings require advance reservation with the Coordinator. Letter briefs are not acceptable.*

*Case management conference statements are to be in a combined format; see VII. 3.*

*No discovery motions may be filed until the parties have meaningfully met and conferred AND met with the Court for a face-to-face Informal Discovery Conference.*

*The Court requires detailed JOINT pre-trial statements in advance of a pre-trial conference where counsel are expected to make concrete suggestions as to efficient trial management; see XI.*

EXHIBIT A, PAGE 57

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

```
┌─────────────────────────────────────────────────────────┐
│                                                         │
│      PLAINTIFF MUST SERVE A COPY OF THESE GUIDELINES     │
│           WITH THE SUMMONS AND COMPLAINT.               │
│                                                         │
└─────────────────────────────────────────────────────────┘
```

## TABLE OF CONTENTS

I.      CONTACT INFORMATION ................................................................. 3
II.     INTRODUCTION ............................................................................ 3
III.    COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE .................... 4
IV.     GENERAL MATTERS ...................................................................... 5
V.      EX PARTE APPLICATIONS ............................................................. 5
VI.     DISCOVERY .................................................................................. 6
VII.    LAW AND MOTION ....................................................................... 6
VIII.   CASE MANAGEMENT CONFERENCE ............................................. 7
IX.     CASE MANAGEMENT AND REFERENCE ORDERS ............................. 8
X.      MANDATORY SETTLEMENT CONFERENCES (MSC) .......................... 8
XI.     MINI-TRIALS ................................................................................ 9
XII.    PRE-TRIAL CONFERENCE .............................................................. 9
XIII.   TRIALS - GENERALLY .................................................................. 13
XIV.    TRIAL EXHIBITS .......................................................................... 18
CURRICULUM VITAE FOR JUDGE BRIAN C. WALSH ............................... 20
CURRICULUM VITAE FOR JUDGE PATRICIA M. LUCAS .......................... 22

EXHIBIT A, PAGE 58

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

I.    CONTACT INFORMATION

Departments 1 and 3 –    Downtown Superior Courthouse, 191 N 1st Street, San Jose, CA 95113.

Department 1:

| Judge | Hon. Brian C. Walsh | 408-882-2110 |
| Courtroom Clerk | Jee Jee Vizconde | 408-882-2113 |
| Bailiff and Deputy Sheriff | Frankie Taranto | 408-882-2111 |

Department 3:

| Judge | Hon. Patricia M. Lucas | 408-882-2130 |
| Courtroom Clerk | Naomi Matautia | 408-882-2133 |
| Bailiff and Deputy Sheriff | Tina Harrell | 408-882-2131 |

| Coordinator for Complex | Rowena Walker | 408-882-2286   rwalker@scscourt.org |
| E-Filing Web Site: | http://www.scscourt.org/forms_and_filing/efiling.shtml | |

II.    INTRODUCTION

Complex cases suitable for assignment to the Complex Civil Litigation Department are defined in Rule 3.400, California Rules of Court ("Rules" or CRC).  Cases will be assigned to the Complex Civil Litigation Department, **for all purposes, including discovery and trial**, by the Court's own motion, or on motion of any of the parties, pursuant to the procedures specified in Rule 3.400. Motions for complexity determination shall be heard in the Complex Civil Litigation Department. It is within the Court's discretion to accept or reject a case for complex designation.

In general, cases assigned to the Complex Civil Litigation Department will be managed in accordance with the principles set forth in the *Deskbook on the Management of Complex Civil Litigation* ("Deskbook").

EXHIBIT A, PAGE 59

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

### Complex Civil Guidelines

---

## III.  COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

1.  The Court expects formality, civility and proper decorum at all times.  Witnesses and parties are to be addressed and referred to by their surnames.  COURTESY AND RESPECT TOWARDS EVERYONE IN THE COURTROOM IS REQUIRED.  Advise all witnesses and parties to observe appropriate courtroom demeanor and punctuality.  The civil and courteous treatment of courtroom staff and opposing counsel is a paramount professional obligation of counsel.

The Santa Clara County Superior Court, by standing order, has adopted the Code of Professionalism of the Santa Clara County Bar Association.  Counsel are expected to be familiar with the Code and use it as a guide for appropriate attorney behavior.

2.  All pagers, cell phones and other audible electronic devices must be TURNED OFF while in the courtroom whether or not court is in session.

3.  Do not approach the clerk or reporter while court is in session for any reason.

4.  Objections, statements and arguments must be addressed to the Court rather than opposing counsel.  Counsel may speak from the lectern (if present) or the counsel table.  Counsel must stand when objecting or addressing the Court.  Counsel may approach any witnesses as necessary only with leave of Court.

5.  At the end of each day, counsel must clear work areas including the area in the rear of the courtroom.

6.  Use of the department's copier or telephone requires the Court's permission.

7.  It is counsel's responsibility to note the date and time set for any future hearing.  Hearing dates are set by contacting the Coordinator.

8.  Courtroom staff will not make copies at counsel's request unless directed to do so by the Court.  Copy work completed by courtroom staff is subject to the current per-page copy fee.

9.  If a peremptory challenge or challenge for cause is upheld, the case will be referred to the Civil Supervising Judge for reassignment.

---

EXHIBIT A, PAGE 60

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

IV. <u>GENERAL MATTERS</u>

1.  The Court expects all counsel to maintain regular communication with each other regarding hearing dates, progress of the case, and settlement possibilities.  A condition of remaining in a complex department is that counsel will behave toward all counsel and other participants with civility, courtesy and professionalism, both in and out of court.  Meeting and conferring with opposing counsel on both procedural issues as well as substantive issues is mandated.

2.  Continuances of hearing or trial dates are discouraged but may be necessary from time to time.  Continuances of hearings and trial dates by stipulation are not permitted without prior approval of the Court, and only to a date pre-approved by the Court.  Please call the Coordinator for available dates before contacting other counsel.  If preliminary approval is given, a written stipulation must be provided before the hearing or trial date.  Faxed signatures on stipulations are permitted.

3.  In the event a case settles before a court hearing or trial date, parties must telephonically notify the Court as soon as the disposition is agreed upon and must file with the Complex Litigation Department either a Notice of Settlement, Request for Dismissal, a Stipulation for Entry of Judgment or a Judgment on Stipulation that is ready for the Court's signature.  If the applicable document is not ready, counsel must appear at the time scheduled for hearing and recite the settlement for the record.

4.  Cross-complainants must serve a copy of these guidelines upon any new parties and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

5.  All actions classified as complex or provisionally complex are subject to the Court's Electronic Filing and Service Standing Order, unless exempted by order of the Court for good cause.  Further information is posted on the Court's website at ***http://www.scscourt.org/forms_and_filing/efiling.shtml*** .

V.    <u>EX PARTE APPLICATIONS</u>

1.  Ex parte appearances are discouraged except in unusual situations. Hearing dates must be coordinated with the Complex Coordinator. Strict compliance with CRC Rules 3.1200-3.1207 is required.  In addition, the ex parte application and all supporting papers, including any proposed pleading, motion or order shall be electronically submitted to the Court's website by noon the Court day before the scheduled ex parte hearing date.

2.  The Court is eager to assist counsel when specific problems arise that may not require a formal motion.  To arrange a conference with the Court when all counsel agree to the advisability of such a discussion, please contact the Coordinator to reserve a time for the conference.  In these

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

instances "letter briefs" are not acceptable, but briefs on court pleading paper not exceeding 3 pages may be submitted.

3.   Though the Court prefers personal appearances by counsel, counsel may appear by telephone, with the Court's prior permission, at counsel's expense.

## VI. DISCOVERY

1.   The Court believes in open discovery in accordance with the law, but expects counsel to refrain from engaging in excessive and abusive discovery.

2.   Discovery meet and confer obligations require an in-person conference between counsel.  If a resolution is not reached, parties are required to meet and confer in person with the Court for all discovery-related hearings **before filing any discovery motion, unless otherwise authorized by the Court**.  Each side must serve and lodge a short brief, **limited to no more than 3 pages**, two court days in advance of the meeting.  To schedule an informal discovery conference (IDC) with the Court, please contact the Coordinator.

3.   **Any dates given by the Court relating to this IDC process have no impact on statutory deadlines for filing motions or any other papers, including, but not limited to, the 45-day deadline for filing a motion to compel further responses. The party who files a discovery motion must address the motion's timeliness in its moving papers.**

4.   Counsel and/or parties with full authority to resolve the discovery issue(s) must personally attend the IDC unless excused by the court.

## VII.   LAW AND MOTION

1.   Law and Motion matters are generally heard Fridays at 9:00 a.m.

2.   Counsel must first clear the hearing date with the other parties before contacting the Coordinator.  You must provide the Court with the name of the case, the case number, type of hearing, hearing date requested, and name and telephone number of the filing attorney.

3.   Before the hearing of **any** motion, petition or application, all counsel and parties representing themselves shall communicate in a good faith effort to eliminate the necessity of the hearing.

4.   **The Court values the importance of the training of the next generation of trial lawyers, which must include substantive speaking opportunities in court.  The Court strongly**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

**encourages the parties and senior attorneys to allow the participation of junior lawyers in all court proceedings, particularly in arguing motions where the junior lawyer drafted or contributed significantly to the motion or opposition.**

5.  Motions or applications to seal must be heard no later than any motion relying on the materials for which sealing is sought. Upon denial of a motion or application to seal, the moving party must notify the Court that the materials are to be filed unsealed (CRC Rule 2.551(b)(b)) or refrain from relying on the materials, which will not be part of the record.

6.  When the Court sustains a demurrer or grants a motion to strike with leave to amend and an amended pleading is filed, the plaintiff or cross-complainant shall file with its opposition to any successive demurrer or motion to strike a redline comparing the amended pleading to the previous version of the pleading.

7.  Counsel for moving parties must notify the Court as soon as possible regarding any matter to be taken off calendar or continued. Notice of continuances of hearings must be provided by the moving party.


VIII.   CASE MANAGEMENT CONFERENCE

1.  The first case management conference is generally scheduled one hundred twenty (120) days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties.

2.  Case Management Conferences are generally heard Fridays at 10:00 a.m. and are scheduled as necessary to monitor the progress of the case and to assist counsel and the parties as the matter progresses. The parties should expect the Court to schedule a status conference approximately every 120 days.

3.  Judicial Council Form CM-110, Civil Case Management Statement (required by CRC 3.725(c)), is not well-suited for complex cases. Instead, the parties shall file a joint case management statement no later than five calendar days prior to the hearing for each conference addressing the following subjects:

> (a) a brief objective summary of the case,
> (b) a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders,
> (c) significant procedural and practical problems which may likely be encountered,
> (d) suggestions for efficient management, including a proposed timeline of key events, and
> (e) any other special consideration to assist the Court in determining an effective case management plan.

EXHIBIT A, PAGE 63

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

A status conference statement may be filed as an alternative to the case management statement when appropriate. A status conference statement is generally less detailed than a case management statement and is to be used to advise the Court of progress or developments in the case which have occurred since the last review hearing.

## IX. CASE MANAGEMENT AND REFERENCE ORDERS

1. Case Management Orders are not required in all cases, but may be helpful in cases where the sequencing and timing of key events are necessary in the management of the litigation and preparation of the case for trial. However, even if a case management order is not necessary in a particular case, all complex cases must be managed by counsel, or the court, or both.

2. Mediation and Reference matters should not commence until all parties are before the Court but not later than six months after the original complaint was filed, except for good cause.

3. Mediation and Reference matters should be concluded 12 months after their initiation (approximately 18 months after the original complaint was filed), except for good cause.

4. Brevity in drafting the Order may help focus your case and assist in reaching the desired goal (i.e., early informed resolution of your case in a cost-effective manner).

5. After a date is scheduled with the Court, it may not be continued by stipulation of the parties without the Court's consent.

## X. MANDATORY SETTLEMENT CONFERENCES (MSC)

1. If there is an objection to the trial judge's participation in the mandatory settlement conference, counsel must advise the Court as soon as possible, and in no event, later than the date the MSC is set. No case will be tried before a good faith effort is made to settle. Mandatory settlement conferences set on the court's calendar are typically set at the time the trial is set, and generally, the final mandatory settlement conference takes place a week to two weeks before the first day of trial, typically on a Wednesday.

2. Trial counsel, parties and persons with full authority to settle the case must personally attend unless excused by the Court. If insurance coverage is available to satisfy the plaintiff's settlement demand and a representative of defendant's insurer with full settlement authority attends the mandatory settlement conference with defendant's trial counsel, named defendants need not attend unless their personal consent is necessary to settle the case. Named defendants must also personally attend the mandatory settlement conference when (a) there is an insurance coverage

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

dispute; (b) plaintiff seeks to recover damages not covered by insurance; or (c) plaintiff's demand exceeds insurance policy limits. Failure to appear will result in the imposition of sanctions. Settlement Conference Statements must be filed at least five (5) court days before the scheduled conference (Rule 3.1380).

3. Any request for a waiver of the requirement to personally appear at the MSC, whether conducted by the Court or a special master, must be made by written application to the Court.

## XI. MINI-TRIALS

There may be a pivotal issue, such as a special defense or evidentiary ruling, upon which the rest of the case depends. If counsel agree, the Court will set aside time before or during the trial to hear mini-trials on such issues. Time will be appropriately limited. Briefs and factual stipulations must be submitted in advance. Limited testimony may be taken, for example, as in an Evidence Code § 402 situation. Contact the Coordinator to schedule a date and submit a stipulation signed by all counsel.

## XII.   PRE-TRIAL CONFERENCE

There will be a detailed pre-trial conference 10-15 days before trial to discuss procedural issues and preliminary matters in order to make the trial process as predictable and smooth as possible.

The conference may be a time for the Court to discuss trial evidence presentation and use of audio-visual equipment. The conference is not for the purpose of hearing motions in limine. An example of an issue for the conference: Product liability case in which the manner of presenting the underlying case is of concern. Will the Court allow counsel to read the transcript into the record? Live testimony? A combination of transcript and live testimony? Is a trial by jury requested?

At least 10 days before the pretrial conference, counsel shall meet and confer and execute necessary documents listed below. Counsel shall meet in person at a mutually agreeable time and location.

At the meet and confer, the parties shall:

EXHIBIT A, PAGE 65

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

1.  Prepare a **Joint Statement of the Case**.

2.  Prepare a **Joint Witness List**, excluding impeachment or rebuttal witnesses, with accurate time estimates.

Witness lists should not be exaggerated. Only witnesses that a party expects to actually call should be listed, with a brief synopsis of the proposed testimony. In addition to the list contained in the statements, each list should also be prepared in the form attached as follows. Witnesses should be listed last name first. Titles (e.g. Dr., Officer) should be placed after the comma following the last name. This is so that lists can be sorted correctly.

As noted above, Counsel should include in their witness list the amount of time they expect to spend on direct examination of each witness. The amount of time should be stated in minutes (*not* days or hours). Counsel must also be prepared to state at the conference how much time they will require for cross-examination of each witness identified on the other party's list.

At the conference the Court will make separate arrangements for the preparation of a joint list, for jury selection purposes, of possible witnesses and persons or entities who might otherwise be mentioned at trial.

Format for Witness Lists

*Plaintiffs' List*

| Witness | Party (P or D) | Direct (min.) | Cross (min.) | Redirect (min.) | Total | Subject |
|---|---|---|---|---|---|---|
| Smith, John | P | 20 | 30 | 5 | 55 | Formation of contract |
| Brown, Nancy | P | 15 | 20 | 5 | 40 | Breach of contract |
| White, Ron | P | 70 | 10 | 15 | 95 | Damages |
| Black, Peter | P | 60 | 30 | 15 | 105 | Formation of contract |
| | P | 120 | 100 | 30 | 250 | Damages |

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

**Complex Civil Guidelines**

| | | | | | | |
|---|---|---|---|---|---|---|
| Garcia, Dr. Ruth | | | | | | |
| Rogers, Officer Ted | P | 60 | 30 | 10 | 100 | Arrest of Susan Petersen |

EXHIBIT A, PAGE 67

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

*Defendant's List*

| Witness | Party (P or D) | Direct (min.) | Cross (min.) | Redirect (min.) | Total | Subject |
|---|---|---|---|---|---|---|
| Doe, Edward | D | 20 | 10 | 5 | 35 | Formation of contract |
| Chang, Sam | D | 75 | 30 | 15 | 120 | Damages |
| Martin, Dr. Eric | D | 120 | 60 | 30 | 210 | Damages |

3. Exchange **exhibits** and inspect photos and diagrams (to be submitted on the date of trial), excluding those contemplated to be used for impeachment or rebuttal. **Stipulate to all facts amenable to stipulation.**

4. Prepare a **Joint List of Controverted Issues**. If all the parties fail to agree to an issue as controverted or uncontroverted, then the issue is controverted. (Required for both jury and non-jury trials).

5. Exchange all **motions** in limine.

6. Prepare *voir dire* **questions** for the Court to include when examining the panel.

7. Execute the **Statement of Compliance** indicating counsel has complied with the Local Rules and these Guidelines.

8. Prepare joint proposed **jury instructions** (CACI only) and verdict forms, and exchange disputed instructions.

The above items, including opposition to motions in limine, trial briefs and the Statement of Compliance signed by all counsel, shall be submitted to the Complex Civil Litigation Coordinator **no later than noon on the 1st court day before the date set for trial, or such other time and date set by the Court.**

EXHIBIT A, PAGE 68

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

XIII.  TRIALS - GENERALLY

    1.  **General Matters – the following applies to all trials (jury and non-jury):**

        a.  Trials generally will proceed four days a week as follows:  Monday through Thursday (9:00 a.m. to 4:30 p.m.).  The Court will provide the parties, generally at the conclusion of the Mandatory Settlement Conference, a proposed trial schedule.

        b.  Jury deliberations will proceed five days a week, from 9:00 a.m. to 4:30 p.m.

        c.  Trial attorneys should be in the courtroom 30 minutes prior to the start of each morning session, unless another time is agreed upon by the Court.  Counsel should expect that the court will take appropriate action if counsel is late for any appearance and does not have a justification for a late appearance.

        d.  Before rearranging tables or other courtroom furniture, or installing equipment such as projectors or screens, permission must first be obtained from the bailiff or the Court.

        e.  Unless the Court expressly advises otherwise, counsel may not approach a witness who is testifying to hand the witness exhibits, or to help the witness locate portions thereof, without first obtaining the Court's permission.

        f.  Counsel must advise opposing counsel and the Court of the identity of each witness intended to be called by 4:30 p.m. the day preceding the time for the witness or witnesses to testify.

        g.  Counsel presenting their case shall be expected to have witnesses ready to call through at least 4:30 p.m., and may be deemed to have rested their case if they are not prepared to proceed.  Counsel shall advise the Court immediately of any circumstances which may prompt a request for a modification of the established trial schedule.

        h.  Counsel should advise the Court at the outset of the proceedings, or as soon as the issue becomes apparent, of any legal issues or evidentiary matters that counsel anticipate will require extended time for consideration or hearing outside the presence of the jury.

        i.  If during the course of trial, counsel wish to discuss a matter with the Court and opposing counsel outside of the presence of the jury, counsel MUST advise the Court of this request at the conclusion of the preceding court session and NOT immediately before proceedings are scheduled to resume.

EXHIBIT A, PAGE 69

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

j.     The amount of jury fees required to be posted in advance of a jury trial is $150.00. CCP §631(b). If a case settles after jury fees have been deposited, the jury fees will not be returned unless the Court is notified of the settlement by 2:00 p.m. on the court day preceding the trial date for which the deposit was made.

k.     The court does not provide court reporters in complex civil cases. See General Local Rule 7. If one or more parties privately arrange for court reporter services, the failure of such court reporter to appear will not be grounds for continuing or delaying a trial or other proceedings.

l.     Counsel must confer in advance of the trial, attempt to stipulate on as many issues and facts as possible, and reduce all stipulations to writing. The written stipulation is filed and during jury trials is read aloud into the record.

m.     **The Court strongly encourages the parties and senior attorneys to permit junior lawyers to have an important role at trial, including the examination of witnesses.**

2.   **Documents**

Unless the case was settled at the Mandatory Settlement Conference or dismissed in full prior thereto, or unless otherwise ordered by the Court, the following items must be lodged in the department of the trial judge or, if none, with the Complex Civil Coordinator, and served on all other parties by noon on the last court day before the date set for trial:

(1) all in limine motions and a list of the in limine motions;

(2) exhibit lists/indices, except impeachment exhibits;

(3) witness lists, except impeachment witnesses, and unusual scheduling problems; each witness listed shall include a succinct (no more than one or two sentences) statement of the general subject matter of the witness' testimony and an estimate of the time that will be required for the direct examination of each such witness;

(4) jury instruction requests, except for instructions that cannot reasonably be anticipated prior to trial;

(5) proposed special verdicts;

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

**Complex Civil Guidelines**

(6) any stipulations on factual or legal issues;

(7) a concise, non-argumentative statement of the case to be read to the jury in jury trials;

(8) trial briefs;

(9) the original of all deposition transcripts to be used during the course of the trial. If counsel anticipates reading from the deposition transcript for any purpose other than impeachment, counsel must deliver to opposing counsel a written specification of the pages and lines proposed to be read.

An extra copy of all the above documents (except deposition transcripts) shall be delivered to the courtroom clerk on the morning of the trial for use by the clerk.

Counsel seeking to display to the jury any exhibit which required time and equipment to observe, such as slides, transparencies, movies, videotapes and audiotapes, MUST make such exhibit available to opposing counsel for review prior to commencement of the session of court at which the exhibit will be used. Proceedings will not be delayed to permit such a review if the review has not occurred by the time court is scheduled to begin.

3. **Technology**

Counsel must meet and confer regarding the use of computers, projectors, screens and other forms of equipment for showing evidence to the jury or Court. Counsel must confer with court staff regarding the placement and use of any such equipment.

4. **Stipulations**

Prior to the commencement of trial, all counsel will be requested to stipulate:

1. At the commencement of each session of the Court, all parties, attorneys and jurors are present unless otherwise indicated.

2. After the first occasion on which the jury has been admonished not to discuss or prejudge the case in conformity with CCP § 611, the jury will be deemed to have been so admonished at every subsequent recess or separation without the need for further admonition; and

3. Reporting of juror <u>voir dire</u> and jury instructions are waived.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

5.  **Opening and Closing Arguments**

    a.    Counsel should avoid discussing routine matters of court procedure, such as the sequence of trial, in opening statements and closing arguments.  These matters will be covered by the Court and need not be repeated by counsel.

    b.    Do not display charts, diagrams or proposed exhibits to the jury until they have been shown to opposing counsel outside of the presence of the jury.  If opposing counsel indicates no objection, the exhibits or other object may be displayed to the jury without first requesting Court approval.  If opposing counsel objects, the exhibit or object may not be displayed without Court approval, which must be requested outside the presence of the jury.

6.  **Examination of Witnesses**

    a.  <u>Objections:</u>  Counsel should only state the legal ground(s) of objection and, unless the Court specifically requests explanation or argument, should refrain from argument, elaboration, or any other form of extended objection-making.  Counsel may request permission to approach the side bar to present argument, but should not approach unless and until the Court grants the request.

    b.  When calling a witness to testify under Evidence Code section 776, do <u>not</u> announce in the presence of the jury that the witness being called under this provision or as a "hostile" or "adverse" witness.  Simply proceed with the examination of the witness; the Court will rule upon the applicability of section 776 only if such a ruling is required by an objection asserted by opposing counsel.

    c.  Do <u>not</u> propose a stipulation to opposing counsel in the hearing of the jury unless there is prior agreement of counsel.

7.  **Transcripts**

    a.    If counsel anticipates requesting a transcript of the testimony of any witness or other proceedings during the course of trial, arrangements should be made with the

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

**Complex Civil Guidelines**

court reporter <u>in advance</u> so that arrangements can be made to obtain a second court reporter if necessary.

b.    If counsel requests any court reporter to prepare a transcript of any portion of the proceedings, counsel MUST contemporaneously advise opposing counsel of the request and of the precise portions that will be transcribed.

8. **Jury Trials**

a.    Motions in limine and other trial-related preliminary motions (such as Evidence Code § 402) must be submitted in writing before answering ready. Motions in limine may be ruled on by the Court without hearing. Such motions should be brief and should address specific subject matter. See *Amtower v. Photon Dynamics, Inc.*, (2008) 158 Cal.App.4th 1582.

b.    CACI instructions are to be used. Submit proposed instructions in Word format. When reasonably possible, mark up the official version rather than retyping so the changes are apparent to the Court and other counsel. The Court may send at least 4 "clean" sets of instructions provided by counsel into the jury room. "Clean" means just the text of the instruction, as corrected. Plaintiff has the primary, but not exclusive, responsibility to provide the "clean" sets, in binders.

c.    Counsel should consider stipulating that the determination as to which members of the trial jury shall be alternates will be determined by random draw of names immediately before deliberations commence. If counsel so stipulate, the size of the panel selected at the outset of trial will be 12 plus the number of alternates expected to be needed, with the peremptory challenges allotted to each side increased by the number of jurors in excess of 12.

d.    <u>Hardship Requests</u> - Requests by members of the panel to be excused on the ground of undue hardship will be considered by the court prior to beginning voir dire examination.

e.    Jury selection proceeds generally under the "6 pack" method, modified to fit the case. Court and counsel will work out the management of voir dire in accordance with CCP § 225.5 to fit the circumstances of the case. Counsel may submit specific juror questions for the Court to consider asking during voir dire.

f.    Voir dire examination will initially be directed to 18 or more members of the jury panel seated in the jury box. Any of these 18 or more panel members excused for cause will be replaced by additional panel members before peremptory challenges begin. Peremptory challenges will then proceed, directed to the first 12 panel members, who will be replaced by the next six panel members in order as any of

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

**Complex Civil Guidelines**

the 12 are peremptorily challenged. The peremptory challenges will continue until the panel seated in the jury box is reduced to 11 members, at which time additional panel members (normally an additional seven) will be selected and examined prior to resuming peremptory challenges. Whenever there are successive passes from all parties who have not exhausted their challenges, or all parties exhaust their challenges, the jury has been selected and will be sworn. The same process will then continue for the selection of alternate jurors.

g. All challenges for cause will be heard out of the hearing of the jury panel.

h. The Court will initiate voir dire examination. Upon completion of the judge's examination, Counsel will have the right to examine the jurors within reasonable time limits prescribed by the trial judge.

i. The Court preinstructs the jury once it is empaneled. CACI Instructions relating to the basic responsibilities of the jurors, management of evidence and the like will be given and, in most cases, repeated at the close of trial.

j. Objections of any kind are to be addressed to the Court (not to other counsel) with a concise statement of the legal grounds. Argument on the objection without invitation by the Court is not permitted. Advise the Court if argument is necessary for the record.

k. Make no references to charts, models, blowups or other demonstrative evidence in front of the jury unless: (a) it is in evidence; (b) counsel have previously stipulated the item is in evidence; or (c) you have leave of Court to use the reference.

## XIV.   TRIAL EXHIBITS

1. **Introduction**

   a. The electronic representations of such exhibits may be presented to the Jury/Court as substitutes for the exhibits themselves. Counsel should keep in mind that one of the purposed of the complex project is to enhance the orderly presentation of evidence to the fact finder, and to maintain the record for potential post trial proceedings.

   b. Exhibits may be in either electronic or physical form. Physical exhibits are not required to be presented in a digitized format. However, at the conclusion of trial the court may order that a photo be substituted and stored electronically in lieu of the physical evidence.

   c. Parties must exchange exhibits excluding documents for bona fide impeachment at the Pre-Trial Meet and Confer. Each counsel must provide the Court with an EXHIBIT LIST

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

describing each exhibit, indicating whether the exhibit is to be admitted into evidence by stipulation.

d. Counsel must submit to the Clerk original negotiable instruments for cancellation pursuant to Rule 3.1806, unless otherwise ordered by the Court.

2. **Submission of Exhibits**

a. Counsel must provide the Court with the exhibits, plus one copy. Exhibits will be marked by the Clerk, as they are identified, in chronological order. Exhibits shall not be pre-marked by counsel.

b. Enlargements and transparencies normally will not be admitted into evidence. Any large exhibit or transparency should be accompanied by an 8½ x 11 version to which the exhibit tag is attached. Models, etc. should be photographed if proposed as exhibits. Be sure to discuss evidentiary issues of this nature with opposing counsel.

c. Interrogatories and Requests for Admissions which are expected to be used at trial must be extracted and lodged with the Court, and a copy given to counsel, at the appropriate time. In jury trials, questions and answers must be read into the record, subject to proper objections. The extracts may be submitted as exhibits in a Court trial. In no case will entire sets of written discovery documents be lodged or received.

d. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of exhibits when the trial is completed. Plaintiff will maintain joint exhibits, unless otherwise stipulated.

3. **Use of Deposition Transcripts**

a. Deposition transcripts which are expected to be used at trial must be lodged with the Court on the first day of trial. Pertinent provisions must be read into the record in jury trials, subject to proper objections. In Court trials, extracts may be submitted and marked as exhibits. In no case will an entire transcript be received.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

**CURRICULUM VITAE FOR JUDGE BRIAN C. WALSH**

**Judge Brian C. Walsh**
**Superior Court of California**
**County of Santa Clara**
**191 North First Street**
**San Jose, California 95113**
**Department 1**
**408-882-2110**

**JUDICIAL CAREER:**

**Appointed to the Superior Court December 15, 2000**
**--Elected to 6-year terms (unopposed): 2002, 2008, 2014**
**Complex Civil Litigation, 2017-**
**Presiding Judge, 2013-14**
**Assistant Presiding Judge, 2011-12**
**Civil Trials, 2003-04, 2007-09, 2011-12, 2015-16**
**Family Law, 2009-10**
**Felony Trials, 2005-07**
**Appellate Division, 2005**
**Supervisor, Misdemeanor Direct Calendars, 2002-03**
**Misdemeanor Direct Calendar, 2001**

**6th DCA, Pro Tem Justice:**
**June 1-November 30, 2016**
**June 1-September 30, 2015**
**July 1-December 31, 2011**
**May 1, 2004-January 17, 2005**

**California State-Federal Judicial Council, 2003-present**
**Language Access Plan Implementation Task Force, 2015-present**
**Chair, Trial Court Presiding Judges' Advisory Committee, 2013-2014**
**Member, Judicial Council of California, 2013-2014**
**Chair, Task Force on Trial Court Fiscal Accountability 2013-2014**
**Supreme Court Judicial Ethics Advisory Comm., 2002-2013**
**Financial Accountability & Efficiency Comm. ("A & E"), 2011-2013**
**Trial Court Budget Advisory Committee, 2013-2014**
**--Funding Methodology (WAFM) Subcommittee, 2012-2014**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

**Judicial Branch Budget Advisory Committee, 2002-03**
**Chief Justice Task Force on ACA 1 (Judicial Elections), 2001**
**California Judges' Association, 2000-present**
**State Bar Attorney Civility Task force, 2006-08**
**State Bar Task Force on Support for Legal Services, 2006-08**

**2016 State Bar of California Professional Responsibility Award**
**2014 Outstanding Jurist Award, Santa Clara County Bar Association**
**2012 Trial Judge of the Year, Santa Clara County Trial Lawyers**
**2002 Salsman Award: Contributions to Community/Profession**

**EDUCATION:**

**Boalt Hall School of Law**
**University of California at Berkeley**
**J.D., 1972**

**University of Notre Dame**
**B.A., 1969**

**Date of Birth: November 11, 1947 (San Jose, California)**

EXHIBIT A, PAGE 77

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

## CURRICULUM VITAE JUDGE PATRICIA M. LUCAS

**Judge Patricia M. Lucas**
**Superior Court of California**
**County of Santa Clara**
**191 North First Street**
**San Jose, California 95113**
**Department 3**
**408-882-2130**

**JUDICIAL CAREER:**

    **Appointed to the Superior Court December 20, 2002**
    **Elected to 6-year terms (unopposed): 2004, 2010, 2016**
    **Complex Civil Litigation, 2020-**
    **Presiding Judge, 2017-18**
    **Assistant Presiding Judge, 2015-16**
    **Civil Trials, 2013, 2016**
    **Civil Pretrial Case Management, 2011-12, 2014-15**
    **Civil Discovery/Trials, 2004**
    **Supervising Judge, Civil Division, 2014-15**
    **Family Law, 2005-08**
    **Supervising Judge, Family Division, 2006-08**
    **Appellate Division, 2004, 2013**
    **Presiding Judge, Appellate Division, 2013**
    **Criminal Trials, 2003, 2009-10**
    **Temporary assignment on the Sixth District Court of Appeal, 2011**

    **Chair, Trial Court Presiding Judges Advisory Committee, 2017-18**
    **Member, Judicial Council of California, 2017-18**
    **B. E. Witkin Judicial College of California: Dean, 2017-18**
        **Associate dean, 2015-16**
        **Faculty, 2004 to present**
        **Seminar leader, 2005-06 and 2009-2014**
    **Faculty/Seminar Leader, New Judge Orientation, 2005 to present**
    **Faculty, CJER Civil Law Institute, 2006 to present**
    **Member, CJER New Judge Educ./Judicial College Steering Committee;**
        **New Judge Orientation Working Group;**
        **Experienced Judge Working Group (chair)**
    **Member, CJER Governing Committee, 2005, advisory member, 2015-18**
    **Member, Judicial Council Civil & Small Claims Advisory Committee,**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised January 21, 2020

## Complex Civil Guidelines

**2006-2015 (chair, 2013-15)**
**Member and vice-chair, Judicial Council Court Facilities Advisory**
**Committee, 2011 to present**
**Member, Elkins Family Law Task Force and Implementation Task Force,**
**2008-12**
**Instructor, National Institute for Trial Advocacy, 1990 to present**

**Private practice, complex civil litigation, 1979-2003**
**University of California, Berkeley, J.D.**
**Rice University, B.A.**